**Rasim RECI, Petitioner,**

v.

**United States Attorney General Michael B. MUKASEY,[1] Respondent.**

**No. 06–0830–ag.**

United States Court of Appeals, Second Circuit.

Jan. 11, 2008.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Michael B. Mukasey is automatically substituted for former Attorney General Alberto R. Gonzales as a respondent in this case.

Rasim Reci, Pro Se, for Petitioner.

Rosa Emilia Rodríguez–Vélez, U.S. Attorney; Nelson Pérez–Sosa, Assistant U.S. Attorney; Thomas F. Klumper, Assistant U.S. Attorney, for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. ROBERT A. KATZMANN, and Hon. RICHARD C. WESLEY, Circuit Judges.

### SUMMARY ORDER

Petitioner Rasim Reci, a citizen of Albania proceeding *pro se,* seeks review of a January 25, 2006 order of the BIA affirming the August 30, 2004 decision of Immigration Judge ("IJ") Douglas Schoppert denying Reci's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Rasim Reci,* No. A 97 478 788 (B.I.A. Jan. 25, 2006), *aff'g* No. A 97 478 788 (Immig.Ct.N.Y.City, Aug. 30, 2004). We assume the parties' familiarity with the underlying facts and procedural history in this case.

As an initial matter, in addition to the statutory requirement that petitioners exhaust the categories of relief they seek, 8 U.S.C. § 1252(d)(1), petitioners must also raise to the BIA the specific issues they later raise in this Court. *See Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). While not jurisdictional, this judicially imposed exhaustion requirement is mandatory. *Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 119–20 (2d Cir.2007). Even "generously construing" Reci's *pro se* submissions, *Foster,* 376 F.3d at 78, Reci has failed to raise in his appeal to the BIA his claims that: (1) he was denied a fair hearing and a fair review of his appeal; and (2) the IJ erred by relying on the Department of State reports in rendering his decision. Because the Government has raised this failure to exhaust in its brief to this Court, we decline to consider these issues. *See Zhong,* 480 F.3d at 124 (describing the issue exhaustion requirement as an "affirmative defense subject to waiver").

When the BIA affirms the IJ's decision in all respects but one, this Court reviews the IJ's decision as modified by the BIA decision, i.e., "minus the single argument for denying relief that was rejected by the BIA." *Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir.2005). This Court reviews the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. U.S. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004), *overruled in part on other grounds by Shi Liang Lin v. U.S. Dep't of Justice*, 494 F.3d 296, 305 (2d Cir.2007). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 406 (2d Cir.2005).

■ We find that the agency's adverse credibility determination was supported by substantial evidence where it was based on the following findings: (1) Reci testified that he received the letter certifying his membership in the Democratic Party in 1998, but the letter was dated March 2003; (2) his testimony regarding when the police confiscated a ballot box from him after an election was inconsistent with the statement in his asylum application; (3) his testimony regarding his father and brother's July 1999 detention was inconsistent with the statement in his asylum application; (4) his testimony regarding the length of his September 1999 detention was inconsistent with his asylum application; (5) his testimony was inconsistent with his asylum application regarding where his father is currently living; and (6) he failed to provide any evidence corroborating his claim.

Several of these findings are plainly central to Reci's claims for relief, where they call into question his assertion that he was persecuted for being a member of the Democratic Party. *Cf. Secaida–Rosales v. INS*, 331 F.3d 297, 308 (2d Cir.2003). In addition, several minor inconsistencies further undermined Reci's credibility when considered cumulatively. *See Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir.2006) (finding that "even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder" (citations omitted)). Moreover, although Reci was given the opportunity to explain these inconsistencies, the IJ reasonably rejected his explanations. *Majidi v. Gonzales*, 430 F.3d 77, 80 (2d Cir.2005) (holding that the agency need not credit an applicant's explanations for inconsistent testimony unless those explanations would compel a reasonable fact-finder to do so).

■ Accordingly, the denial of Reci's asylum claim was supported by substantial evidence. Moreover, because the only evidence of a threat to Reci's life or freedom, or a likelihood of his being subjected to torture, depended upon his credibility, the adverse credibility determination necessarily precludes success on his claims for withholding of removal and relief under the CAT. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir.2006); *Xue Hong Yang*, 426 F.3d at 523.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, the pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of

Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).